IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 15-280 |
| | : | NO. 16-505 |
| THEODORE SANTIAGO | : | |

MEMORANDUM

Bartle, J.                                                                      July 15, 2020

The Court has before it the petition of defendant Theodore Santiago for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I

On December 15, 2016 defendant pleaded guilty in two separate actions before this Court. In Criminal Action No. 15-280, defendant pleaded guilty to an Information charging him with: conspiracy to distribute a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(D) (count one); unlawful use of a communication facility to facilitate a drug felony in violation of 21 U.S.C. § 843(b) (counts two and four); possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (count three); and distribution, and aiding and abetting the distribution of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2 (count five).

1

In Criminal Action No. 16-505 defendant pleaded guilty to an Information charging him with:  conspiracy to distribute 5 kilograms or more of cocaine, and 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), (b)(1)(B) (count one); distribution of 5 kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (count two); attempted possession with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 (count three); possession with the intent to distribute a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D), and aiding and abetting in violation of 18 U.S.C. § 2 (count four).

On January 17, 2018, this Court sentenced defendant to 97 months imprisonment to be followed by 10 years of supervised release.  Defendant is currently serving his sentence at the Federal Detention Center SeaTac in Seattle, Washington with an estimated release date of August 22, 2021.

On May 13, 2020, defendant submitted a pro se motion for compassionate release.  The motion was docketed on June 4, 2020.  Thereafter, at his request, this Court appointed the Federal Defender's Office to represent him.  On June 25, 2020, the Government filed its response to defendant's motion and on July 10, 2020, defendant's counsel filed a "supplemental counseled motion to reduce sentence pursuant to 18 U.S.C.

§ 3582(c)(1)(A)(i)."

II

Defendant's motion for compassionate release relies on § 3582(c)(1)(A) as recently amended by the First Step Act. It provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)  in any case—
>    (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>          (i)  extraordinary and compelling reasons warrant such a reduction
>          . . .
>
> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant has exhausted his administrative remedies, and we turn first to the elements that a defendant must meet under section 3582(c)(1)(A)(i) to obtain a reduction in

3

sentence. It provides that a court may order compassionate release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission."

Congress has also enacted 28 U.S.C. § 994(t) which provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist where the defendant is: (1) "suffering from a terminal illness" including among others "advanced dementia"; (2) "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or cognitive impairment"; or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also require that the impairment "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

III

Defendant asserts that compassionate release should be granted because he is "55 [years] old and "suffers from a constellation of existing health conditions: asthma, diabetes, and high cholesterol." Defendant further claims that he is at a "significant risk of contracting infectious disease[s] like COVID-19 and others" because he is: not permitted to "take a shower everyday"; "expos[ed] to the human waste of others"; and "80% confined without no-sun and . . . can't work-out to avoid from [getting] type 2 diabetes." Defendant also contends that the "environmental hazards [in prison] exposing [him] to dangerous conditions or toxis [sic] may also violate" his "Fifth, Eighth, and Fourteenth Amendment" rights to the United States Constitution. With respect to the pandemic, defendant provides extensive information about the potential dangers to those in prison facilities who cannot engage in social distancing or take other salutary measures necessary to mitigate the spread of coronavirus.

The Government disputes defendant's characterization that his medical condition is as serious as he claims. The Government asserts that defendant is "generally in good health" and that he "does not suffer from any medical condition that has been identified by the CDC as a risk factor" for contracting COVID-19. According to the Government, defendant's medical

5

records "reveal that the mild asthma he has had since childhood is well controlled and does not hinder his ability to perform activities of daily living." The Government further maintains that "3553(a) factors do not support [defendant's] release" because defendant is a "career offender who now has three federal convictions" and is a danger to the community. As for the defendant's constitutional violations arguments, the Government contends that this Court "does not have jurisdiction" to consider them because such claims are "complaints as to how [defendant's] sentence is being executed" and "must be brought under the Prison Litigation Reform Act," not under a petition for compassionate release.

According to Bureau of Prisons' health reports, defendant's lifelong asthma is "unspecified" and causes him to "experience coughing, wheezing, and shortness of breath." Defendant takes an Albuterol inhaler "about once a week for occasional cough and wheezing induced by change in weather, dust and mold." Defendant also suffers from "adult-onset type II diabetes mellitus." BOP medical staff have characterized defendant's diabetes as being in "remission." There is no evidence that defendant ever sought or received treatment while incarcerated for any asthmatic or diabetic episode. He has been taking his prescribed medications regularly and has access to an inhaler to be used "as needed."

6

The Court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus poses for the defendant and all others in prison. However, the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease. See United States v. Roeder, 2020 WL 1545872, at *3 (3d Cir. Apr. 1, 2020). The Bureau of Prisons, including FDC SeaTac, has in place protocols to deal with this disease and the Attorney General has issued two directives to the Bureau of Prisons concerning early release of inmates. It has also been reported to the Court that no cases of coronavirus have appeared so far at FDC SeaTac where defendant is detained.

Based on the current record, defendant has not established that his asthma, diabetes, and high cholesterol constitute a serious medical condition as defined in the Sentencing Guidelines. The serious medical condition under the Sentencing Guidelines must be an impairment which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Defendant clearly does not meet this requirement.

Even if he has the requisite serious medical condition, the Court's analysis does not end here. Section

3582(c)(1)(A) requires the Court to consider the "factors set forth in section 3553(a) to the extent they are applicable" before the Court may reduce his sentence.  These factors include the need to:  "reflect the nature and circumstances of the offense and the history and characteristics of the defendant"; "reflect the seriousness of the offense"; "promote respect of the law"; and "afford adequate deterrence to criminal conduct."

In this regard, defendant maintains that his "time served accomplishes the goals of sentencing pursuant to [section] 3553(a) factors."  He contends that he has "been incarcerated for over four and a half years, and has barely a year left" before his release date.  He further states that "he has been a model prisoner" and that his "disciplinary record is impeccable."  He has "successfully completed the Bureau of Prisons' Residential Drug Abuse Program ("RDAP") and currently participates in a maintenance program at SeaTac FDC."  He also claims that "none of [his] offenses of conviction are violent crimes" and that he is "no longer a threat to public safety." If released, he "has a home plan where he can self-isolate" with his wife in Spanaway, Washington.

While the court accepts defendant's representation that he has stayed out of trouble in prison, these factors alone do not allow for his release.  Under 28 U.S.C. § 994(t), Congress has made it clear: "[r]ehabilitation of the defendant

8

alone shall not be considered an extraordinary and compelling reason" for compassionate release.  In any event, his rehabilitation, good works, and lack of danger to the community do not outweigh other section 3553(a) factors which support the need for him to serve the sentence imposed.

The Court cannot ignore the seriousness of defendant's criminal history.  As noted before, defendant pleaded guilty in two separate actions before this Court for trafficking large quantities of drugs and illegally purchasing firearms. Defendant's crimes were intercepted through wiretaps and camera surveillance.  When law enforcement executed a search warrant at defendant's home, it recovered large quantities of marijuana, drug packaging paraphernalia, and a ballistic vest.  These crimes are of a serious nature and underscore the danger defendant poses to the community.  Defendant has not provided any evidence to suggest otherwise.  Releasing defendant now would not appropriately reflect the nature and circumstances of his offenses, promote just punishment, or afford adequate deterrence to criminal conduct.  See section 3553(a).

In addition to his arguments for compassionate release under 18 U.S.C. § 3582(c)(1)(A), defendant also asserts grounds for relief based on constitutional claims.  Defendant contends that the current conditions at FDC SeaTac violate his Fifth, Eighth, and Fourteenth Amendment rights.  These claims, which

9

the Court construes as challenging the execution of his sentence at FDC SeaTac, are not properly brought in a motion for compassionate release, and this Court does not have jurisdiction to consider them.  See United States v. Rodriguez-Collazo, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020).  Such claims for habeas corpus relief must be brought in the jurisdiction where defendant is confined.  See Cardona v. Bledsoe, 681 F.3d 533, 536 (3d Cir. 2012).

     The Court, taking all the relevant facts into account, finds that Theodore Santiago has not established extraordinary and compelling reasons that warrant his entitlement to compassionate release.  Accordingly, the Court will deny the petition of defendant for compassionate release under 18 U.S.C. § 3582(c)(1)(A).